1. EXECUTORS—ACCOUNTING—LIMITATIONS—INFANT HEIR.

     Though more than six years have elapsed since the right to compel executors to account accrues, it does not bar an infant legatee from having such a proceeding taken in her behalf under Code Civ. Proc. § 396, providing that, if a person entitled to maintain an action of such a character is under the age of 21, the time of such disability is not a part of the time limited for commencing the action.    .

In the matter of the estate of Ransom L. Pond, deceased. Proceedings to compel executors to account. Order for an accounting.

L. F. Raymond, for petitioner.

C. C. Flaesch, for executors.

WILLIS, S. This proceeding was commenced by a verified petition presented to this court by Maria W. Youmans in behalf of Mary Ella Wendell, an infant of the age of 15 years. The petition, among other things, states that the said Maria W. Youmans is a grandmother of the said infant, that the said infant resides with said Maria W. Youmans, and that the said infant is a granddaughter, legatee and heir at law of said Ransom L. Pond, deceased, and is interested in the estate of said

decedent. The executors have appeared herein, and filed a verified answer, by which none of the allegations contained in the petition are put in issue. As their sole defense herein they allege: "That the cause of action in this proceeding alleged in said petition did not accrue within six years before the commencement of this proceeding, and that this proceeding is, therefore, barred by the six-years statute of limitations, and cannot be maintained." The same rule of limitation applies to this proceeding as in an action. Church v. Olendorf (Sup.) 3 N. Y. Supp. 557; Matter of Rogers' Estate, 153 N. Y. 316, 47 N. E. 589. The chapter of the Code relating to the subject is entitled "Limitations of the Time of Enforcing a Civil Remedy," and by section 414 it is expressly applied to a special proceeding. Therefore, while the provisions of section 382 of the Code of Civil Procedure require a proceeding of this nature to be commenced within six years from the time when the right to institute the same accrues, yet in this proceeding the facts stated in the petition bring the case within the provisions of section 396 of the Code of Civil Procedure, which provides that: "If a person, entitled to maintain an action specified in this title, * * * is, at the time when the cause of action accrues, within the age of twenty-one years, * * * the time of such a disability is not a part of the time limited in this title for commencing the action." The person in whose behalf the petition is presented herein being within the express exception of the statute by reason of her infancy, it follows that the statute of limitations has never commenced to run as against this infant, and affords no answer whatever in this proceeding. Matter of Rogers' Estate, 153 N. Y. 321, 47 N. E. 589.

No reason appearing why these executors should not render an account of their proceedings, an order may be entered directing said executors to file their account in this court.

Decreed accordingly.